IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[56] YAJAIRA URRUTIA DE ARMAS,<br><br>Defendant. | CRIMINAL NO. 07-488 (ADC) |

**REPORT AND RECOMMENDATION**

Defendant Yajaira Urrutia -De Armas was charged in Counts One (1) through Seven (7), and Count Eleven (11) and Count Twelve (12) of an Indictment and she agreed to plead guilty to Count Seven of the Indictment. Count Seven charges that, beginning in or about the year 2005, exact date unknown, and continuing up to and until the return the instant indictment in Trujillo Alto, Carolina and San Juan, District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, Yajaira Urrutia-De Armas and other defendants, aiding and abetting each other, did knowingly possess firearms and ammunition during and in relation to a drug trafficking crime, as charged in Counts One through Five of this Indictment, which may be prosecuted in a Court of the United States. All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(I) and 2.

On October 24, 2008, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count Seven of the Indictment, upon being advised of her right to have said proceedings before a district

<u>United States of America v. Yahaira Urrutia de Armas [56]</u>
Criminal No. 07-488(ADC)
Report and Recommendation
Page 2

judge of this court.[1]  Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count Seven, she was examined and verified as being correct that: she had consulted with her counsel, Thomas Lincoln-San Juan, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt.  Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney Lincoln-San Juan, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. The penalty for the offense charged in Count Seven is term of imprisonment of not less than five (5) years and up to life imprisonment, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), a term of supervised release of up to five (5) years in addition to any term of incarceration. The Court must also impose a mandatory penalty assessment of one hundred dollars($100.00), per count, to be deposited in the Crime Victim Fund.

<u>United States of America v. Yahaira Urrutia de Armas [56]</u>
Criminal No. 07-488(ADC)
Report and Recommendation
Page 4

Having ascertained directly from defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement" pursuant to Rule 11(c)(1)(A) and (B) FRCP ("the Agreement") and the "Plea Agreement Supplement" were shown to defendant, verifying her signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count Seven, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on her will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow her to withdraw her plea of guilty.

The above-captioned parties' estimate and agreement that appears on page three (3), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The parties agreed to an imprisonment range of sixty (60) months, assuming a Criminal History Category of One, which is the statutory minimum sentence as to Count Seven.

The parties agree to recommend to the Court, that the defendant be sentenced to a term of imprisonment for sixty (60) months for Count Seven. The parties understand that the Court is not bound by the recommendation and that the Court, after consideration of the factors contemplated within the U.S.S.G. and Title 18, <u>United States Code</u>, Section 3553 et seq., may sentence the defendant to any amount of time up to and including the statutory

United States of America v. Yahaira Urrutia de Armas [56]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 5

maximum for the offense to which she plead, and that such a sentence will not invalidate this agreement.

Pursuant to paragraph 9, the United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement. The parties agree that any request by the defendant for a sentence below the agreed upon term of sixty (60) months or for an adjustment or departure will be considered a material breach of the plea agreement.

Pursuant to paragraph 10, the parties do not stipulate any assessment as to the defendant's Criminal History Category.

At sentencing, the United States agrees to recommend a dismissal of the remaining counts of the Indictment which were filed against the defendant.

As part of the written Agreement, the government, the defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

United States of America v. Yahaira Urrutia de Armas [56]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 6

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, her attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

Count Seven of the Indictment was read in open court to defendant and she stated she understood the charges and that she was pleading guilty to Count Seven. Defendant was shown a written document entitled Statement of Facts, which had been signed by defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count Seven

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph nineteen (19) a waiver of appeal. Defendant acknowledged discussing the waiver of appeal with her counsel and stated she understood the consequences of the same.

was what she had done and to which she was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that she agreed with the government's evidence as to her participation in the offense. Thereupon, defendant indicated she was pleading guilty to Count Seven of the Indictment in Criminal No. 07–488 (ADC).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count Seven of the Indictment in Criminal No. 07-488 (ADC).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Aida M. Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 24th day of October of 2008.

                                      s/ CAMILLE L. VELEZ-RIVE
                                      CAMILLE L. VELEZ-RIVE
                                      UNITED STATES MAGISTRATE JUDGE